AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| v. ) | |
| MICHEL MANUEL GARCIA ROJAS, ) | Case No.   1:25-MJ- 58 (DJS) |
| ) | |
| ) | |
| ) | |
| ) | |
| Defendant ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of March 5, 2025 in the county of Rensselaer in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 111(a)(1) and (b) | Assaulting, Resisting, and Impeding a Federal Agent Performing Official Duties and Inflicting Bodily Injury |

This criminal complaint is based on these facts:
See attached affidavit

☒   Continued on the attached sheet.

_____
Complainant's signature

HSI Special Agent Michael Koscielniak
Printed name and title

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date:   March 6, 2025

_____
Judge's signature

City and State:   Albany, NY

Hon. Daniel J. Stewart, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT OF SPECIAL AGENT MICHAEL KOSCIELNIAK, HSI:

I, Michael Koscielniak, do hereby depose and state as follows:

1. I am a Special Agent with the U.S. Department of Homeland Security, Homeland Security Investigations ("HSI"), and have been since May 2005. I am a graduate of the Criminal Investigator Training Program taught at the Federal Law Enforcement Training Center in Glynco, Georgia. Prior to that, I was a State Trooper for the Vermont State Police for approximately four years. I have conducted investigations, interviewed witnesses, gathered evidence, and presented testimony on incidents of simple and aggravated assault.

2. I am an investigative or law enforcement officer of the United States within the meaning of Title 18 United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516(1). As a Special Agent with HSI, I am authorized to seek and execute federal arrest and search warrants for Title 18 criminal offenses.

3. I make this affidavit in support of a criminal complaint charging Michel Manuel GARCIA ROJAS with assaulting, resisting, and impeding a federal agent engaged in official duties and inflicting bodily injury, in violation of Title 18, United States Code, Section 111(a)(1) and (b).

4. The statements contained in this affidavit are based upon my investigation and the investigation of other law enforcement officials, and on my experience and training as a Special Agent with HSI. More specifically, the facts set forth below come from my interviews of witnesses, including the individual identified below as Special Agent A.S., and my review of body-worn camera footage and surveillance footage from the Rotterdam Police Department. Because this affidavit is submitted for the limited purpose of securing a criminal complaint, I have not included every fact known to me concerning this investigation. I have set forth only the facts that

1

I believe are necessary to establish probable cause to believe that GARCIA ROJAS has violated Title 18, United States Code, Section 111(a)(1) and (b).

## PROBABLE CAUSE

5. GARCIA ROJAS is a native and citizen of Nicaragua and is not a United States citizen. In 2023, he was encountered by immigration authorities, who learned that he had entered the United States without inspection and was therefore unlawfully present in the United States. He was given a Notice to Appear in Immigration Court for removal proceedings but allowed to remain free in the United States. He has been in immigration removal proceedings ever since and his next scheduled appearance is on April 16, 2025.

6. On March 5, 2025, HSI Albany received a call from the Rotterdam, New York Police Department advising that GARCIA ROJAS and Individual 1, a native and citizen of Columbia without lawful authority to be in the United States, had been arrested and charged with the New York State misdemeanors of Petit Larceny and Endangering the Welfare of a Child. The charges stemmed from the pair allegedly concealing merchandise underneath a small child in a shopping cart and attempting to leave a grocery store without paying for the merchandise.

7. Because of the nature of the New York State offenses, GARCIA ROJAS and Individual 1 were subject to immediate detention under the Laken Riley Act. Accordingly, Immigration and Customs Enforcement ("ICE") issued administrative arrest warrants for GARCIA ROJAS and Individual 1 and a HSI Special Agent with initials A.S. ("Special Agent A.S.") and an ICE Enforcement and Removal Operations ("ERO") Officer with initials C.M. ("Officer C.M.") responded to the Rotterdam Police Department to arrest GARCIA ROJAS and Individual 1 before they were released from custody on the state charges.

8. Upon the arrival of Special Agent A.S. and Officer C.M. at the Rotterdam Police

Department, GARCIA ROJAS and Individual 1 were informed that they would be detained by immigration authorities. GARCIA ROJAS was transferred from state to federal custody first, handcuffed, and placed in the backseat of an ERO vehicle. Special Agent A.S. left the vehicle, with Officer C.M. standing at the driver's side door, to await the transfer of Individual 1. Special Agent A.S. waited in a vestibule from which he was able to observe the vehicle.

9. As Special Agent A.S. waited for Individual 1, GARCIA ROJAS removed one of his hands from the handcuffs, got out of the backseat of vehicle, and began to walk away from the vehicle in the direction of Special Agent A.S. Special Agent A.S. observed GARCIA ROJAS and attempted to place him back under arrest, but GARCIA ROJAS resisted and aggressively fought with Special Agent A.S., striking Special Agent A.S. in the face, toppling with Special Agent A.S. to the ground, and slamming Special Agent A.S. into a door in the vestibule where Special Agent A.S. had been standing. Ultimately, it took at least six law enforcement officers and the use of a taser to subdue and restrain GARCIA ROJAS. In the course of resisting arrest and assaulting Special Agent A.S., GARCIA ROJAS inflicted the following bodily injuries, among others, on Special Agent A.S.:

   a. A visible red bruise on Special Agent A.S.'s jaw;
   b. Abrasions and bruises to Special Agent A.S.'s hands and knees; and
   c. Pain and soreness to Special Agent A.S.'s back

10. Special Agent A.S. informs me that GARCIA ROJAS struck him in the face and, during the attack, Special Agent A.S. felt GARCIA ROJAS attempt to grab Special Agent A.S. in the area of his firearm attached to his waist.

11. After GARCIA ROJAS was subdued and placed back under arrest, he was transported to a HSI office for further processing. During processing, GARCIA ROJAS uttered

that he had been a Nicaraguan Police officer for five years. He later stated that he had received specialized training from the Nicaraguan government on defensive tactics and had been an instructor of such tactics.

12. Special Agent A.S. received medical treatment for his injuries at an urgent care clinic late yesterday.

## CONCLUSION

13. Based upon the above information, I submit that there is probable cause to believe that GARCIA ROJAS violated Title 18, United States Code, Section 111(a) and (b), which prohibits any person from forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with a federal agent engaged in performance of official duties and inflicting bodily injury. I request that a criminal complaint be issued.

*[signature]*
Michael Koscielniak
HSI Special Agent

I, the Honorable Daniel J. Stewart, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by telephone on March 6, 2025 in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

*[signature]*
Hon. Daniel J. Stewart
U.S. Magistrate Judge